ALASKA FOREST ASSOCIATION; City of Coffman Cove; Metlakatla Indian Community; Concerned Alaskans for Resources & Environment, Plaintiffs—Appellees,

v.

U.S. DEPARTMENT OF AGRICULTURE, Defendant,

and

Sierra Club; Sitka Conservation Society; the Wilderness Society, Defendants–Intervenors—Appellants,

v.

City of Wrangell; City of Craig; Southeast Conference; John Donley; Doug Roberts; Ketchikan Gateway Borough, Plaintiffs–Intervenors—Appellees.

No. 01–35549.

D.C. No. CV–99–00013–J–JKS.

United States Court of Appeals, Ninth Circuit.

Argued Aug. 7, 2002.

Resubmitted May 27, 2003.

Decided May 29, 2003.

Before B. FLETCHER, ALARCON, and GRABER, Circuit Judges.

## MEMORANDUM *

This is a NEPA case. The plaintiffs won their case, and the defendant (the federal government) elected not to appeal the final judgment. Before the time to appeal expired, however, the private intervenors moved in the district court to intervene as a matter of right under Federal Rule of Civil Procedure 24(a); in the alternative, if the court denied that motion, the intervenors asked for permissive intervention under Rule 24(b). The district court granted the main motion under Rule 24(a) and, therefore, did not reach the alternative request for permissive intervention. The intervenors appealed on the merits. Their appeal can proceed only if they have standing; otherwise, the appeal on the merits must be dismissed.

In *Kootenai Tribe v. Veneman*, 313 F.3d 1094 (9th Cir.2002), we held that private intervenors may not intervene in a NEPA action under Rule 24(a) as a matter of

right. That holding applies with equal force here. Thus, the district court's ruling under Rule 24(a) was erroneous.

We also held in *Kootenai*, however, that in some circumstances permissive intervention may be allowed. *Id.* at 1108–14. The district court did not reach this issue, but the issue was preserved. The court has not had an opportunity to consider our later-issued opinion in *Kootenai* or to consider whether permissive intervention may be appropriate under the criteria set out in that opinion and in our other relevant precedents. We therefore remand the case for further consideration.

REMANDED.

The parties shall bear their own costs on appeal.

ALARCON, Circuit Judge Dissenting.

I respectfully dissent. I would dismiss this appeal. The intervenors ("the Sierra Club") appeal from the grant of summary judgment in favor of the plaintiffs. After final judgment was entered, but before the time expired for the United States Department of Agriculture to file an appeal, the Sierra Club filed a motion to intervene as a matter of right pursuant to Rule 24(a) of the Federal Rules of Civil Procedure. The Sierra Club also requested intervention pursuant to Rule 24(b) of the Federal Rules of Civil Procedure. The motion states: "If this Court denies Applicants' motion for intervention as of right, Applicants should be allowed to intervene permissibly." The Sierra Club submitted a proposed order for the district court's signature which reads as follows:

Upon consideration of the Motion of Sierra Club, et al, for leave to intervene, at docket # 82 and all materials submit-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ted in support thereof and opposition thereto, the Court finds that *intervention as a matter of right is warranted.* It is therefore ORDERED that the motion is GRANTED. Sierra Club, The Wilderness Society, and Sitka Conservation Society are hereby granted leave to intervene as defendants for purposes of appeal and to participate in any future proceedings in this matter. The Clerk is directed to file the Answer lodged by the Intervenor–Defendants.

(Emphasis added). The district court signed the order submitted by the Sierra Club. In the proposed order, the Sierra Club did not refer to its alternative suggestion that it "should be allowed to intervene permissibly." Thus, the Sierra Club appears to have abandoned its request for permissive intervention pursuant to Rule 24(b) because it failed to include language in its proposed order granting permission to intervene permissively.

Following the publication of *Kootenai Tribe v. Veneman,* 313 F.3d 1094 (9th Cir. 2002), we asked the parties to file supplemental briefs regarding the applicability of that decision to the question whether the Sierra Club had standing to intervene in this appeal. In its response, the Sierra Club asserted that it had standing to "intervene permissively" pursuant to Rule 24(b). The Sierra Club contends that "[t]he language and context [of the order granting intervention] reveal that the district court intended to grant intervention on either basis." I disagree.

Contrary to the Sierra Club's representation to this court, the district court did not grant permissive intervention pursuant to Rule 24(b). It granted intervention pursuant to Rule 24(a) because "intervention as of right is warranted." The Sierra Club did not seek reconsideration of the district court's order so as to reflect that permissive intervention was also granted, nor did the Sierra Club file a protective appeal from the court's implicit denial of the Sierra Club's alternative request for permissive intervention.

The Majority holds that Kootenai compels us to hold that "the district court's ruling under Rule 24(a) was erroneous." I agree. The Majority then states that the issue regarding whether permissive intervention may be allowed under these circumstances "was preserved." The Majority states that "the district court did not reach this issue." This conclusion is contrary to the Sierra Club's representation to this court that the district court granted permissive intervention. The Majority has failed to explain the basis for its conclusion that the issue regarding whether the Sierra Club was entitled to intervene permissibly was "preserved." It clearly was not preserved in the district court because the Sierra Club did not refer to Rule 24(b) or permissive intervention in the order it prepared for the trial judge's signature, nor did it ask the court to reconsider or correct the order.

Assuming arguendo that the district court failed to rule on the Sierra Club's alternative motion for permissive intervention pursuant to Rule 24(b), the Sierra Club failed to file a protective appeal requesting an order from this court remanding this matter to the district court for a determination whether the record supported permissive intervention in the event that the district court erred in granting intervention as a matter of right.

The Majority's disposition of this matter has given the Sierra Club the opportunity for piecemeal trials and appeals on the question whether intervention should be granted under Rule 24(a) or Rule 24(b). The Majority's remand order is even more curious in light of the representation of the Sierra Club that it has already been grant-

ed permissive intervention by the district court.

I would dismiss this appeal as required by the law of this circuit.